# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE L. JOE,<br><br>      Petitioner,<br><br>   v.<br><br>GWENDOLYN MITCHELL,<br><br>      Respondent.<br>_____ / | CV F 06-00739 LJO DLB HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 10] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

On July 13, 1996, Petitioner was convicted of second degree murder with a firearm enhancement and robbery. Petitioner was sentenced to an indeterminate state prison term of sixteen years to life. (Respondent's Lodged Doc. 1.)

Two improper notices of appeal were filed. On August 20, 1996, the trial court denied the first certificate of probable cause for failure to provide "good cause." (Lodged Doc. 3.) The first application for a certificate of probable cause simply stated that it was being made on the grounds that "[e]rrors of fact and law are contained in, and may be revealed by, the record herein." (Lodged Doc. 2.) Then on August 23, 1996, Petitioner filed an amended application for a

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's motion to dismiss. (Court Docs. 1, 10.)

1

certificate of probable cause. (Lodged Doc. 4.) The trial court again declined to issue a certificate of probable cause. This time the trial court found "pursuant to Rule 31(d) California Rules of Court, a certificate of probable cause is not necessary if the appeal is following a plea of guilty and does not effect the validity of the plea, but pertains only to matters thereafter. The Court further finds Notice of appeal is ambiguous and seems to go to the whole record. It is unclear whether validity of plea is being questioned." (Lodged Docs. 4-5.) Both notices of appeal were deemed inoperable pursuant to former California Rules of Court, Rule 31(d). (Lodged Docs. 3, 5.)

Petitioner subsequently filed three pro se post-conviction collateral challenges. On August 27, 2003, Petitioner filed the first petition in the Stanislaus County Superior Court, which was denied on December 2, 2003. (Lodged Docs. 6, 7.) On May 7, 2004, Petitioner filed the second petition for post-conviction relief in the California Court of Appeal, Fifth Appellate District, which was denied on May 20, 2004. (Lodged Docs. 8, 9.) On July 19, 2004, Petitioner filed the third petition in the California Supreme Court, which was denied on June 8, 2005. (Lodged Docs. 10, 11.)

Petitioner filed the instant petition for writ of habeas corpus on June 13, 2006. Respondent filed a motion to dismiss on October 13, 2006. After the grant of an extension of time, Petitioner has not filed an opposition.

DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion

to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See <u>Hillery</u>, 533 F.Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period and for being successive. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.      <u>Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on June 13, 2006, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, judgment was entered against Petitioner on July 3, 1996, and Petitioner did not file a proper appeal.[2] Pursuant to Rule 31(a) of the California Rules of Court, Petitioner had sixty (60) days in which to file a notice of appeal. Cal.R.Ct. 31(a); People v. Mendez, 81 Cal.Rptr.2d, 301, 19 Cal.4th 1084, 969 P.2d 146 (1999). Because Petitioner did not file a notice of appeal his direct review concluded on September 1, 1996, sixty (60) days after the time for filing an appeal expired. Thus, Petitioner had one year from September 2, 1996, in which to file his federal Petition for Writ of Habeas Corpus. See Kelly, 127 F.3d at 784; see also Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.) Thus, the last day to file a federal petition was on September 1, 1997. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir.2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251

---

[2] The limitations period may begin running later under certain specified circumstances, none of which are applicable here. 28 U.S.C. § 2244(d)(1)(B)-(D).

1 F.3d 1243, 1247 (9th Cir.2001) (stating that the "AEDPA's one-year grace period is tolled during
2 the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf.
3 Dils v. Small, 260 F.3d 984, 986 (9th Cir.2001) (Court found no tolling between consecutive
4 filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding
5 that the interval between a motion for sentence modification in the state superior court and a
6 habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

   Here, Petitioner did not file a state habeas petition challenging her custody until August
2003, long after the one-year limitations period expired. Thus, Petitioner's state habeas actions do
not toll her limitations period. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

D.   Equitable Tolling

   The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

   As Respondent submits, Petitioner raises several arguments in an attempt to equitably toll the limitations period. Specifically, Petitioner contends that (1) trial counsel filed two improper notices of appeal, failed to inform her of issues that were being raised after numerous attempts to communicate with counsel and, as such, counsel effectively abandoned Petitioner without notice, explanation, or direction; (2) she suffered from severe depression and was taking medication during the trial proceedings and the first two years of imprisonment; (3) she has very limited education and no knowledge of the law; and (4) counsel failed to provide the case file until August 2002. (Court Doc. 1, at pp. 4-7 of Non-form Petition.)

   With regard to Petitioner's claim that trial counsel failed to file a proper appeal and inform her of the issues raised therein, it is without merit. As previously noted, Petitioner filed two

1  defective notices of appeal. (Lodged Docs. 2, 4.) The first notice of appeal was denied, without
2  prejudice, because Petitioner failed to provide "good cause." (Lodged Doc. 3.) The second
3  notice of appeal was denied as ambiguous as to whether the validity of the plea was being
4  challenged, thereby making it unclear whether an application for certificate of probable cause was
5  required under former California Rules of Court, Rule 31(d). (Lodged Doc. 5.) Both appeals
6  were found to be inoperable under Rule 31(d). (Lodged Docs. 3, 5.)

7       As Respondent correctly argues, the last of the two notices of appeals was denied on
8  August 26, 1998, seven days prior to the finality of direct review, which occurred on September 1,
9  1996. Consequently, the two defective notices of appeal do not serve to extend the date of finality
10 of direct review. In addition, as noted by Respondent, Petitioner received notice of the denials as
11 the trial court directly served her with the orders. (Lodged Docs. 3, 5.) In fact, Petitioner
12 acknowledges receipt of the orders. (Court Doc. 1, at pp. 4-5 of Non-form Petition.) Thus,
13 Petitioner cannot now claim that she under the mistaken belief that an appeal was pending.

14      Further, trial counsel is under no federal constitutional obligation to advise Petitioner on
15 the steps that should be taken to file a post-conviction collateral challenge because there is no
16 right to counsel on habeas corpus at either the state or federal level. Nevius v. Sumner, 105 F.3d
17 453, 460 (9th Cir. 1996); Murray v. Carrier, 477 U.S. 478, 488 (1986); Smith v. Idaho, 392 F.3d
18 350, 357 (9th Cir. 2004), as amended; In re Clark, 5 Cal.4th 750, 779-780 (1993); In re Robbins,
19 18 Cal.4th 770, 810 (1998). Accordingly, Petitioner cannot claim that counsel's failure to advise
20 of the steps to be taken in seeking post-conviction relief excuse the delay in filing the instant
21 petition.

22      With regard to Petitioner's claim that she "was under treatment for severe depression both
23 during trial proceedings and during the first two years of her prison sentence, during which time
24 she was taking medication which severely altered her mental acuity," it too is without merit.
25 Beyond Petitioner's conclusory assertion, she does not provide specific details of her mental

26
27
28

6

illness or how it affected her ability to file a timely petition.[3] As such, Petitioner has not established a "but-for" connection between any alleged mental health condition and the untimely filing of the instant petition.

In any event, as Respondent correctly submits, Petitioner claims to have suffered from a mental illness only during the first two years of her imprisonment, July 1996 to July 1998. (Court Doc. 1, at p.5 of Non-form Petition.) The first of Petitioner's three state post-conviction petitions was filed on August 27, 2003, almost six years after the expiration of the statute of limitations, and the instant federal petition was filed on June 13, 2006, over eight years after the limitations period expired. Thus, even if the limitations was extended based on Petitioner's claim to have been suffering from depression for the first two years of imprisonment, the instant petition is still untimely.

With respect to Petitioner's third claim for equitable tolling, it too is meritless. Petitioner's vague and conclusory claim that her ignorance of the law entitles her to equitable tolling, is too without merit. The Ninth Circuit has held that claims of ignorance of the law and illiteracy are insufficient to justify equitable tolling. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Kibler v. Walters, 220 F.3d 1151, 1153 (9th Cir. 2000) (lack of knowledge of state law not cause); see also Marsh v. Soares, 223 F.2d 1217, 1220 (10th Cir.

---

[3] "[A] 'putative habeas petitioner's mental incompetency [is] a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control,' so 'mental incompetency justifies equitable tolling' of the AEDPA statute of limitations. Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003) (citing Calderon v. U.S. District Court (Kelly), 163 F.3d at 541.) The Ninth Circuit has also noted that "'[t]he firmly entrenched common law right to competence persisting beyond trial is a strong indicator of a constitutional due process right' to competency in postconviction proceedings or to a stay of proceedings until competence is regained." Laws, 351 F.3d at 923 (citing Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 813 (9th Cir. 2003). Equitable tolling is available, however, only where a petitioner's alleged mental incompetence somehow made filing a timely petition impossible. Laws, 351 F.3d at 922-23; Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).
  In Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001) (reversed en banc on other grounds 295 F.3d 1046 (2002)), the Ninth Circuit concluded that a petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness." The Ninth Circuit affirmed this rule in Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). There, the Court pointed out that the determination vis-a-vis equitable tolling is "highly fact-dependent" and that the petitioner "bears the burden of showing that equitable tolling is appropriate." Id.

2000); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).

Finally, Petitioner's claim that despite her diligent efforts, counsel failed to provide her with the client file, including the transcripts, until August 2002, is likewise without merit. Petitioner has failed to demonstrate or specify how she was prevented from filing an earlier petition due to the lack of the case file or copy of the transcripts. As the Eighth Circuit Court of Appeals has stated: "[W]e understand petitioner's desire to have a transcript before filing for post-conviction relief. Possession of a transcript, however, is not a condition precedent to the filing of such proceedings. A petition seeking collateral relief could have been filed, following which, if necessary for decision of the issues raised, the court could have ordered production of the transcript." Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001); see also Lloyd v. VanNatta, 296 F.3d 630, 634 (7th Cir. 2002); Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001); United States v. Van Poyck, 980 F.Supp. 1108, 1110-11 (C.D. Cal. 1997) (equitable tolling not granted where there was no explanation why transcripts were needed to file habeas petition.) As such, Petitioner's claim is nothing more than a vague and conclusory allegation. Moreover, Petitioner was present during the trial court proceedings obviating the need for the transcripts as she was obviously aware of the errors that occurred.

In United States v. Battles, 362 F.3d 1195, 1198 & n.5 (9th Cir. 2004), the Ninth Circuit relying on its earlier opinion in Ford v. Hubbard, 330 F.3d 1086 (9th Cir. 2003), reversed on other grounds in Pliler v. Ford, 542 U.S. 1099 (2004), held that equitable tolling may be available where counsel has failed to promptly provide the petitioner with a copy of the case file causing a delay in the filing of the petition. However, unlike in Battles and Ford, Petitioner provides no factual support that he requested the client file prior to 2002, i.e. during the six year period that she was without her client file. Thus, the Court cannot conclude that it was counsel's behavior that caused the delay when there is no evidence that Petitioner requested the client file prior to 2002. In fact, Petitioner concedes that she only requested the client file in 2002. (Court Doc. 1, Exhs. F-G.) From the information submitted by Petitioner, it appears that Petitioner made no effort to obtain her client file until she obtained the assistance of Michelle Kinser, who requested

8

the file in 2002.  In fact, Petitioner states she had no "hope of filing a writ to challenge her conviction" until she had a friend review her case in March 2002.  Considering all the evidence it is reasonable to infer that Petitioner made no effort to obtain the client file until 2002, well after the statute of limitations expired.

In any event, as Respondent argues, even if trial counsel's behavior caused the delay in filing, the instant petition is nonetheless untimely.  As previously noted, Petitioner claims she received her client file in August 2002.  (Court Doc. 1, at p. 6 of Non-form Petition.)  However, the declaration of Michelle Kinser, which is attached to the traverse filed in Petitioner's habeas petition before the Stanislaus County Superior Court, provides that counsel sent the client file in July 2002, the month before she now claims she received the file.  (Lodged Doc. 12.)  Respondent submits a copy of the mail log which demonstrates that mail from trial counsel was received on July 15, 2002, not August 2002.  (Lodged Doc. 13.)  This one month difference is significant because Petitioner did not file her first state habeas petition, which contained no proof of service, but was dated August 20, 2003, until August 27, 2003, over one year after she received her client file. (Lodged Doc. 6.)  Thus, even giving Petitioner the benefit of this claim and tolling the statute until July 15, 2002, the date she received her client file, the instant petition is still untimely because the statute of limitations expired on July 15, 2003.  All three state habeas petitions were filed after the limitations period expired and do not provide a basis for tolling the statute.

Because Petitioner bears the burden of proof of entitlement to equitable tolling and she has failed to meet her burden, the instant petition is untimely.  Pace v. DiGuglielmo, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809; Hinton v. Pac. Enters., 5 F.3d at 395.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the petition as time-barred be GRANTED; and
2. The instant petition be dismissed, with prejudice.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within

thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 15, 2007**           /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE